IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CITY OF EDMOND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-23-213-R |
| | ) |
| CLYDE W. LAWRENCE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff City of Edmond ("City") brings this action against the United States of America, *ex rel.* Secretary of the Department of the Interior ("Government"), seeking to quiet title as to certain property located in Edmond, Oklahoma. (Doc. No. 1-2, at 2). Although a Trustee's Deed recorded on October 31, 1912, contains a restrictive covenant mandating that the land be used for a "park, street, or sites for public buildings only," the City contends that these covenants and restrictions should not have been applied to the land. (*Id.* at 3, at ¶ 3). The City seeks a declaratory judgment removing the restrictive covenant (*id.*) and declaring the City as the owner of the legal title in fee simple, free and clear of all liens, claims, rights of way, and encumbrances (*id.* at 5). The Government removed the case from the District Court of Oklahoma County to this Court and filed a Motion to Dismiss (Doc. No. 16) pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Plaintiff filed a Response (Doc. No. 25) opposing the Motion and the Government submitted a Reply (Doc. No. 26). Upon consideration of the filings, the Court GRANTS the Government's Motion for the following reasons.

The Government argues that this case should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction based on two reasons. First, the Government asserts that the City failed to show that adverse possession operates against the United States. In its response, however, the City states that it did not request to quiet title against the United States via adverse possession, and to that end, "Plaintiff does not object to any order dismissing only the allegations of adverse possession against the United States." (Doc. No. 25, at 1). Second, the Government asserts that the City's failure to seek a resolution with the Department of the Interior in compliance with the Administrative Procedures Act ("APA") prior to filing suit deprives the Court of subject matter jurisdiction. (Doc. No. 16, at 2). The City counters that there is no administrative process applicable to its requested relief. (Doc. No. 25, at 4-6). Alternatively, the Government moves for dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

The City sets forth in the Complaint that it is the "owner of title and fee simple" of specified property and that it "is entitled to possession and to have its title quieted in the . . . property." (Doc. No. 1-2, at 1). The City references the Government twice in the Complaint. First, the City alleges:

> That there appears of record in the office of the County Clerk of Oklahoma County a Trustee's Deed [f]rom the Commissioners of the General Land Office, to the trustee(s) for the Townsite of Edmond recorded on October 31, 1912, at Book 181, Page 56, which contains a covenant and restriction for said land to be used for a "park, street, or sites for public buildings only." That these restrictions were created by the Secretary of the Interior concerning townsites in the Oklahoma Territory as passed by [C]ongress on May 14, 1890. That said covenants and restrictions should not have been

> applied to the subject lands, and Plaintiff requests a declaratory judgment against . . . [the Government], removing said covenants and restrictions.

(Doc. No. 1-2, at 3, ¶ 3). Second, the City alleges that the Government:

> [M]ay be claiming some right, title or interest in and to the real estate and premises herein sued upon. That said Defendant[] [has] no right, title or interest in and to the real estate and premises sued upon herein that is superior to the Plaintiff's interest.

(Doc. No. 1-2, at 5, ¶ 13).

The Court concludes that these allegations are insufficient to show that the City is entitled to the relief requested against the Government pursuant to Rule 8(a)(2).[1] Although the City attempts to explain in its Response (Doc. No. 25) why the restrictive covenants were misapplied to the subject land and why the City has a superior right, title, or interest in the property, the Complaint (Doc. No. 1-2) contains no explanation or support for the relief requested.[2] Additionally, the Complaint does not state the grounds for jurisdiction in relation to the Government. Therefore, the Court finds that the City has failed to assert a claim upon which relief can be granted. *See* Rule 12(b)(6).

Accordingly, the Court GRANTS the Government's Motion to Dismiss (Doc. No. 16). The City is granted leave to amend the Complaint on or before August 22, 2023.

---

[1] Upon removal of this action to federal court, the sufficiency of the Complaint's allegations are governed by federal pleading standards. *See* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court.").

[2] Generally, "a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). *See* 2 Moore's Federal Practice – Civil § 12.34 (2023) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").

**IT IS SO ORDERED** this 1st day of August 2023.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE